IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TONY LAMAR MAYS,<br>      Plaintiff/<br>      Cross-claimant,<br><br>    v.<br><br>AL-AMIN BROTHERS TRANSPORTATION,<br>L.L.C., and ART LEASING, INC.,<br>      Defendants/<br>      Third Party Plaintiffs,<br><br>    v.<br><br>COMMERCE and INDUSTRY INSURANCE<br>CO.,<br>      Third Party Defendant/<br>      Cross Defendant. | Civil Number 3:08CV765 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants's and Third-Party Defendant's Rule 12(b)(1) and 12(b)(6) Motions to Dismiss (Doc. Nos. 31 and 38), Defendants's Motion to Amend (Doc. No. 43), and Plaintiff's Motion for Leave to File a Sur-Reply (Doc. No. 50). For the reasons below, this Court GRANTS the Motions.

### **I. BACKGROUND**

On April 10, 2007, Plaintiff Tony Mays injured his back when he slipped and fell while unloading a tractor trailer truck. At the time of the accident, Mays was an employee of the defendants, Al-Amin Brothers Transportation, L.L.C. ("Brothers Transportation") and Art Leasing, Inc. ("Art Leasing"). Prior to the accident, Defendants purchased a workers's compensation insurance policy from Commerce and Industry Insurance Co. ("Commerce Insurance"). The insurance policy was in effect at

the time of the accident; however, the parties disagree as to whether the policy provided adequate coverage in the Commonwealth of Virginia.

As a result of his injury Mays filed a claim for workers's compensation benefits with the Virginia Workers's Compensation Commission ("Commission") in early 2007. In May of that year, Commerce Insurance, through AIG Claim Services, Inc., informed the Commission that no coverage existed in Virginia. (Pl.'s Opp'n to Mot. to Dismiss, Ex. A.) Nevertheless, on October 29, 2007, Commerce Insurance sent Mays a standard "Virginia Agreement to Pay Workers's Compensation Benefits" form. This form states Mays was to receive $751.56 per week for the period beginning April 14, 2007, and continuing until benefits are terminated in accordance with the Worker's Compensation Act. (Pl.'s Br. in Opp'n, Ex. B.) Pursuant to this form, Mays received workers's compensation benefits for approximately one year. Plaintiff contends the payments ceased when Commerce Insurance was notified that Mays required back surgery.

After Mays's claim for workers's compensation benefits was filed with the Commission, an initial hearing date of March 31, 2008 was set. The hearing was continued twice; at least one of which was in response to Defendants's July 31, 2008 Motion to Continue, wherein Defendants stated their intention to file a declaratory judgment action against Commerce Insurance regarding potential coverage for Mays's claims, and therefore needed additional time to resolve that matter prior to defending before the Commission. The Motion was granted and a continuance was ordered; no hearing date was scheduled. On November 7, 2008, Plaintiff filed a workers's compensation claim in Illinois, and filed the Complaint in the entitled matter on November 20, 2008.

Plaintiff's Complaint, brought to this Court on diversity jurisdiction, alleges Brothers Transportation and Art Leasing negligently maintained a work environment that was "slippery and unreasonably dangerous for its intended use," resulting in Mays's April 10, 2007 accident. (Pl.'s Compl. ¶ 14–15.) Defendants responded by filing a Third Party Complaint against Commerce Insurance for breach of contract. Plaintiff, in turn, brought a Cross-claim against Commerce Insurance alleging the company also breached its contractual obligations to the plaintiff, pursuant to Va. Code § 65.2–811. The instant Motions ensued. On May 22, 2009, prior to the Court's hearing in this matter, Commerce Insurance submitted a letter to the Virginia Workers's Compensation Commission stating it "will provide workers' compensation insurance coverage to [Brothers Transportation], limited solely to this claim . . . ." Accordingly, Defendants's Amended Motion to Dismiss states there is no bases for Plaintiff's claims, in particular any claims based upon Defendants's failure to maintain proper insurance coverage.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction over the action. <u>A.W. ex rel. Wilson v. Fairfax County Sch. Bd.</u>, 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). Under Rule 12(b)(1), the plaintiff bears the burden of proving that jurisdiction exists in federal court. <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991). The district court must then weigh the evidence to determine whether jurisdiction is proper. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982). No presumption of "truthfulness attaches to the plaintiff's allegations, and the existence of disputed material [evidentiary] facts will not preclude the trial court from evaluating for

itself the merits of jurisdictional claims." A.W. ex rel Wilson, 548 F. Supp. 2d at 221 (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977)). In its determination, a court should grant a Rule 12(b)(1) motion to dismiss if the material jurisdictional facts are known and the moving party is entitled to prevail as a matter of law. Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). Thus, in ruling on a Rule 12(b)(6) motion, a court must regard all factual allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 93–94 (2007), as well as any facts that could be proved consistent with those allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). These facts must be viewed in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). However, since the complaint must give the defendant fair notice of the claim and the grounds upon which it rests, the plaintiff must allege facts which show that the claim is plausible, not merely speculative. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); see also Fed. R. Civ. P. 8(a)(2) (requiring pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). The court will not accept legal conclusions that are couched as factual allegations, Twombly, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Moreover, the plaintiff does not have to show a likelihood of success; rather, the complaint must merely allege—directly or indirectly—each element of a "viable legal theory." Twombly, 550 U.S. at 562, 563 n.8.

## III.  ANALYSIS

The Virginia's Workers's Compensation Commission ("Commission") adjudicates cases arising under the Virginia Workers Compensation Act ("Workers's Compensation Act" or "the Act").  Va. Code Ann. § 65.2-700 (stating the Commission maintains exclusive jurisdiction over questions arising under the Act, unless settled by agreement of the parties with the Commission's approval); 1986 VA Wrk. Comp. LEXIS 4 (VA Wrk. Comp. 1986) (noting the Commission "has jurisdiction to do full and complete justice in each case, which includes the power and authority not only to make and enforce its awards, but to protect itself and its awards from fraud, imposition[,] and mistake."). Accordingly, all issues arising under the Workers's Compensation Act must first be presented to the Commission.  However, where it is clear on the face of the pleadings that a claim is not within the purview of the Act, it is not necessary for a plaintiff to submit their claims to the Commission.  <u>Adams v. Alliant Techsystems, Inc.</u>, 261 Va. 594, 598, 600 (2001).

Claims regarding coverage for industrial accidents are within the purview of the Act.  Specifically, when an employee in Virginia is injured in the performance of his or her duties for her employer, the Workers's Compensation Act is the sole remedy against the employer.  Va. Code Ann. § 65.2-307.  The purpose of this statute is "to limit the recovery of all persons engaged in the business . . . to compensation under the Act, and to deny an injured person the right of recovery against any other person unless he be a stranger to the business."  <u>Rea v. Ford</u>, 198 Va. 712, 717 (1957).  As such, insurance claims are construed under the Act, and therefore under the Commission's authority, if they directly or necessarily relate to the right of an employee to obtain compensation for

a work-related injury.  Hartford Fire Ins. Co. v. Tucker, 3 Va. App. 116, 120 (Va. Ct. App. 1986).

Here, Plaintiff's negligence claim against his employer is based upon an injury he sustained while performing his work duties, and therefore the proper forum is the Workers's Compensation Commission.  Plaintiff, however, argues this Court has jurisdiction because Defendants did not have the proper insurance coverage, which allows the plaintiff to bring this action.  (Pl.'s Reply Mem. in Opp'n to Mot. to Dismiss, 2 (citing Va. Code 65.2–805, which states that under the Workers's Compensation Act an employer is liable during the period in which they do not have the proper insurance coverage "to any employee either for compensation under [the Workers' Compensation Act] or at law in a suit instituted by the employee . . . to recover damages for personal injury.").)  While a claim in this Court is likely proper after a determination by the Commission that no insurance coverage existed, the existence of coverage and validity of Commerce Insurance's May 22nd Letter is a decision that must be made by the Commission, prior to any case in this Court.  Accordingly, Defendants's Motion to Dismiss is GRANTED WITHOUT PREJUDICE.

Similarly, Commerce Insurance alleges Plaintiff's Cross-claim arises under the Workers's Compensation Act, and therefore the Commission has exclusive jurisdiction over this claim.  This position is supported by Plaintiff's Cross-claim itself, which alleges Commerce Insurance breached "its contract of insurance both to the plaintiff's employer, and its obligation to the plaintiff under Virginia Code § 65.2-811," when it stopped paying benefits to the plaintiff.  (Pl.'s Cross-claim §§ 5–8.)  The stated statute is a component of the Workers's Compensation Act, which outlines the liability of insurers.

See Va. Code. § 65.2–811 (stating that an insurance agreement "shall be construed to be a direct promise by the insurer to the persons entitled to compensation, enforceable in his name.").) As Plaintiff's Cross-claim attempts to vindicate a right prescribed under the Act, this claim clearly falls under the exclusive jurisdiction of the Commission, and therefore this Court does not have subject matter jurisdiction. Accordingly, this Court GRANTS WITHOUT PREJUDICE Third Party Defendant's Motion to Dismiss the Cross-claim.

Finally, as the Court has considered Defendants's Motion to Amend, and Plaintiff's Sur-Reply in its decision, both Motions are hereby GRANTED.

### III. CONCLUSION

For the reasons stated above, this Court GRANTS WITHOUT PREJUDICE the Defendants's and Third-Party Defendant's Motions to Dismiss, GRANTS Defendants Motion to Amend, and GRANTS Plaintiff's Motion for Leave to File a Sur-Reply.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

>  _____/s/_____
>  James R Spencer
>  Chief United States District Judge

Entered this  11th  day of June 2009.